UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**INTERSTATE FIRE & CASUALTY
COMPANY,**

        **Plaintiff,**

**v.**                                              **Case No:  6:16-cv-841-Orl-41TBS**

**MCMURRY CONSTRUCTION
COMPANY, INC., BLUE HERON
BEACH RESORT COMMUNITY
ASSOCIATION, INC. and BLUE
HERON BEACH RESORT
DEVELOPER, LLC,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant McMurry Construction Company, Inc.'s ("McMurry") Motion to Dismiss (Doc. 36) and Plaintiff's Response (Doc. 42). In its motion, McMurry asserts that Plaintiff failed to join necessary and indispensable parties, that those parties defeat diversity jurisdiction, and that, therefore, this case must be dismissed. McMurry also argues that Plaintiff's claims must be dismissed because they do not satisfy the case and controversy requirement of Article III, section 2 of the United States Constitution. Because the Court determines that Plaintiff's claims must be dismissed based on the latter argument, it will not address the former.

## I.    BACKGROUND

This is a declaratory judgment action that is before this Court on the basis of diversity jurisdiction. McMurry was the general contractor and construction manager for a condominium resort project in Orlando, Florida. (Compl., Doc. 1, ¶¶ 6, 10). McMurry is a defendant in an

underlying state court case, which alleges negligent construction of the condominium project. (*Id.* ¶¶ 16–17). Plaintiff issued five consecutive excess liability insurance policies to McMurry. (*Id.* ¶ 22). Each of Plaintiff's policies applies only to liability and damages covered by and in excess of the corresponding primary insurance policy. (*Id.* ¶¶ 25, 44, 63, 84, 101). Additionally, according to McMurry, in association with the condominium project, McMurry entered agreements with multiple subcontractors, and those agreements required the subcontractors to obtain separate insurance policies and list McMurry as an additional insured. (Doc. 36 at 2). Plaintiff alleges that, in addition to the primary policies, its excess policies only apply to liability and damages in excess of these additional insurance policies. (Doc. 1 ¶¶ 115–120).

In its Complaint, Plaintiff seeks a declaration that it has no duty to defend or indemnify McMurry in the underlying litigation. The remaining Defendants are parties in the underlying case, but they are not alleged to be parties to the insurance policies at issue, and no claims are made in the Complaint directly implicating those Defendants.

## II.    LEGAL FRAMEWORK

"The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "[T]he Declaratory Judgment Act . . . does not broaden federal jurisdiction." *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987), *abrogated on other grounds by King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991). Indeed, Congress explicitly "limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of" the Article III limitations on federal judicial power. *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quotation omitted). Accordingly, if a declaratory judgment action fails to meet the

Article III case and controversy requirement—including the requirement that the action be ripe for review—it must be dismissed for want of jurisdiction. *See Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) ("Article III . . . limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." (citation omitted)). "The ripeness doctrine" also "involves consideration of . . . prudential concerns. . . . Even when the constitutional minimum has been met . . . prudential considerations may still counsel judicial restraint." *Id.* (quotation omitted).

Aside from ripeness considerations, parties do not have a right to a declaratory judgment, and district courts have the discretion to abstain from exercising jurisdiction over such a claim. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) ("The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.' It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995))). Because this case is not ripe, the Court need not consider whether it should abstain from exercising its jurisdiction under the nine factors set forth in *Ameritas*.[1]

### III.   ANALYSIS

---

[1] The Court is cognizant of the recent unpublished, per curiam decision from the Eleventh Circuit vacating and remanding a district court's order declining to exercise jurisdiction over a similar declaratory judgment claim. *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 865–67 (11th Cir. 2016) (per curiam). There, the Eleventh Circuit determined that it could not provide a meaningful review because the district court failed to address the nine factors relevant to abstaining from exercising jurisdiction in a declaratory judgment case. *Id.* at 865–66. However, a review of both the Eleventh Circuit's opinion and the district court's underlying order, *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, No. 14-cv-22463-KING (S.D. Fla. Nov. 4, 2014), indicates that the district court relied only on its discretion to abstain from hearing a declaratory judgment case; the court did not address Article III or prudential ripeness. Because this Court finds that this case is not ripe for review under the ripeness doctrine, it need not address the abstention factors.

There are two claims at issue: whether Plaintiff has a duty to defend McMurry and whether Plaintiff has a duty to indemnify McMurry. As to the former, the parties agree that, at least for the foreseeable future, Plaintiff does not have a duty to defend McMurry, (Doc. 1 ¶¶ 28–29, 47–48, 66–67, 83, 100; Doc. 36 at 23–24; Doc. 42 at 14 ("The duty to defend is not relevant to this lawsuit, only indemnity.")). Therefore, the parties are not adverse with regard to the duty to defend, and that claim does not satisfy the Article III case and controversy requirement. *See Druhan v. Am. Mut. Life*, 166 F.3d 1324, 1326 (11th Cir. 1999) ("At the heart of the case or controversy requirement is the presence of adverse parties." (citing *GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 382–83 (1980))); *Allstate Prop. & Cas. Ins. Co. v. Peluchette*, No. 15-cv-80325-KAM, 2015 WL 11438215, at *4 (S.D. Fla. July 30, 2015) ("[A]n actual controversy is not present where an insurer seeks a declaration that it does not have a duty to defend an insured who does not want a defense.").

The claim regarding Plaintiff's duty to indemnify presents a more nuanced question. The parties are clearly adverse—Plaintiff contends that the policy does not confer a duty to indemnify McMurry, and McMurry contends that it does. At this point, however, the underlying litigation is ongoing. There has not been a verdict, settlement, or judgment; McMurry has not been deemed responsible for any damages in the underlying case. Thus, it is entirely possible that McMurry will not be liable for any damages in the underlying case, in which case the issue of Plaintiff's duty to indemnify would never arise. Plaintiff nevertheless asserts that the issue of indemnification is ripe for review.

At the outset, the Court notes that, among the district courts in the Eleventh Circuit, "[c]ase law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action."

*Peluchette*, 2015 WL 11438215, at *4; *see also Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015) ("[A]n insurer['s] duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." (quoting *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) and collecting cases)); *Burlington Ins. Co. v. Wilford Roofing Co.*, No. 3:13-cv-944-J-39MCR, 2015 WL 12546284, at *1 (M.D. Fla. Mar. 11, 2015) (noting that "courts in the Eleventh Circuit have not been . . . willing" to find declaratory judgment proper where "future contingencies will determine whether a controversy becomes real" and citing cases that address a contingent duty to indemnify); *Am. Home Assurance Co. v. Peninsula Ii Developers, Inc.*, No. 09-23691-CIV-SEITZ/O'SULLIVAN, 2010 WL 11451836, at *3 (S.D. Fla. June 28, 2010) (noting that "any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim" and collecting cases (quotation omitted)); *see also Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability in a policy clause . . . until a judgment has been rendered against the insured."). After conducting its own ripeness analysis, the Court concludes that in this case, as in so many other similar cases, Plaintiff's declaratory judgment claim regarding its duty to indemnify is not ripe because there has been no resolution of the underlying claim. Even if Plaintiff's indemnification claim meets the threshold case and controversy requirements of Article III, it does not satisfy the prudential ripeness concerns.

"[T]he question of ripeness turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) (quotation omitted). "The question of the fitness of the issues for judicial decision in essence comes down to a decision as to whether

the court is presented with an abstract question or a concrete controversy." *Browning-Ferris Indus. of Ala., Inc. v. Ala. Dep't of Envtl. Mgmt.*, 799 F.2d 1473, 1478 (11th Cir. 1986) (quotation omitted). "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co.*, 312 U.S. at 273).

Here, there is a substantial controversy between parties having adverse legal interests, but that controversy is not of sufficient immediacy and reality. While it is not necessarily detrimental to a declaratory judgment action that an injury has not yet occurred, such injury must at least be "certainly impending." *Pac. Gas & Elec. Co.*, 461 U.S. at 201. There is no such injury here. It is entirely possible that McMurry will prevail in the underlying lawsuit. It is also possible that, even if McMurry is held liable on some of the underlying claims, those claims will not exceed the limits of its primary insurance policies; thus, coverage under Plaintiff's excess liability policy—the policy at issue here—would never be at issue. Although Plaintiff alleges that there is $30 million at issue in the underlying case, which, if McMurry incurred such liability, would certainly exhaust its primary insurance policies, McMurry is also insured by all of its subcontractors' insurance policies. Plaintiff contends that those policies would also have to be exhausted before Plaintiff would be required to pay benefits. Thus, even if McMurry incurred a substantial judgment against it, it is still not clear that Plaintiff's duty to indemnify would be implicated. In the event of any of these results, the issue of whether Plaintiff has a duty to indemnify McMurry would be moot.

Further, Plaintiff has not articulated what, if any, hardships it will suffer if its declaratory claim is not resolved until after McMurry's liability is determined. Instead, Plaintiff relies on a Florida Supreme Court case, *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5, 11 (Fla. 2004), which interprets the Florida state courts' jurisdiction to resolve matters under the Florida declaratory judgment act. "A federal court sitting in diversity is required to apply state substantive law and federal procedural law." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "[T]he operation of the Declaratory Judgement Act is procedural only." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995) (quotation omitted). Thus, the Florida Supreme Court's decision in *Higgins* is not relevant to this dispute. *Burlington Ins. Co.*, 2015 WL 12546284, at *2.

Accordingly, Plaintiff's declaratory judgment claims are not ripe, and this case will be dismissed without prejudice.

## IV.    CONCLUSION

It is **ORDERED** and **ADJUDGED** as follows:

1. McMurry's Motion to Dismiss (Doc. 36) is **GRANTED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record